FILED
DEC 1 3 2012
U. S. DISTRICT COURT
EASTERN DISTRICT OF MO

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:12CR00446 JAR |
| ) | |
| LEO VALERA BUSH ) | |
|    a/k/a "Leo Garcia," ) | |
| LAVON T. HARMON ) | |
|    a/k/a "Von," and ) | |
| LAVOR J. HARMON ) | |
|    a/k/a "J," ) | |
| ) | |
| Defendants. ) | |

## INDICTMENT

### COUNT I

The Grand Jury charges that:

Beginning at a time unknown, but including the period from 2010 through and including the date of this indictment, with the exact dates unknown to this Grand Jury, in the Eastern District of Missouri and elsewhere,

**LEO VALERA BUSH a/k/a "Leo Garcia,"
LAVON T. HARMON a/k/a "Von," and
LAVOR J. HARMON a/k/a "J,"**

did knowingly and willfully conspire, combine, confederate and agree with each other and with Erik Gallegos, Javier Williams, Adrian Tamez, and other persons known and unknown to this Grand Jury, to commit offenses against the United States to wit: to distribute and possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846; and

The quantity of cocaine involved in the offense was five kilograms or more, punishable under Title 21, United States Code, Section 841(b)(1)(A)(ii).

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Section 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) and/or 846, as set forth in this Indictment, the defendant shall forfeit to the United States of America any property, constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as a result of such violation and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of such offenses.

2. Subject to forfeiture is a sum of money equal to the total value of property constituting, or derived from, any proceeds obtained directly or indirectly as a result of the defendant's offenses.

3. The specific property subject to forfeiture includes, but is not limited to:

   (a) 2010 Porsche Panamera, VIN: WP0AB2A73AL060750;

   (b) 2006 Acura TSX, VIN: JH4CL96986C033705;

   (c) 1999 Yamaha Wave Runner, Ser. No.: YAMA2730F999;

   (d) 1999 Yamaha Wave Runner, Ser. No.: YAMA2677F999;

   (e) Yacht Club Trailer, Ser. No.: 4H1001315Y0263259; and

   (f) Walther PK380 .380 Semi-Automatic Pistol, Ser. No.: PK04765.

4. If any of the property described above, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____

FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

_____

JEANNETTE S. GRAVISS, #44483MO
Assistant United States Attorney